UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| GREGORY LEE WOLF, | Case No. 3:22-cv-00308-MMD-CSD |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| STATE OF NEVADA EX. REL. NEVADA DEPARTMENT OF CORRECTIONS, *et al.*, | |
| Defendants. | |

*Pro se* Plaintiff Gregory Lee Wolf brings a civil rights action under 42 U.S.C. § 1983 alleging Defendants[1] denied or delayed treatment of his cataracts. (ECF Nos. 1, 10.) Plaintiff filed a motion for leave to amend his complaint to include additional facts, claims, and defendants. (ECF No. 49 ("Motion")). Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Craig S. Denney, recommending that the Motion be granted in part and denied in part. (ECF No. 56.) To date, no objection has been filed an objection to the R&R. The Court will adopt the R&R in full.

Because there is no objection, the Court need not conduct *de novo* review, and is satisfied that Judge Denney did not clearly err. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.").

---

[1]Defendants in the amended complaint are the State of Nevada ex. rel. the Nevada Department of Corrections ("NDOC"), NDOC Director James Dzurenda, NDOC Medical Director Joseph Benson, the Nevada Board of State Prison Commissioners ("NBSPC"), NDOC physician Dana Marks, NDOC nurse Russelle Donnelly, former NDOC Medical Director Michael Minev, Nevada Governor Jospeh Lombardo, Nevada Attorney General Aaron Ford, and Nevada State Secretary Cisco Aguilar. (ECF No. 49-1.)

## I. Prejudice and Delay

Defendants first challenged the Motion as prejudicial. (ECF No. 52 at 3-4.) Judge Denney found that Defendants did not identify any specific prejudice beyond continuing to litigate issues that are based on the same core set of facts as the original complaint. (ECF No. 56 at 4-5.) Moreover, the Motion was timely filed, the parties have not yet completed discovery, and screening will not cause undue delay. (*Id.*) Judge Denney therefore found that the Motion was not barred on these grounds, and the Court agrees.

## II. Screening of Amended Complaint

Judge Denney then screened Wolf's proposed amended complaint (ECF No. 49-1 ("FAC")) under 28 U.S.C. § 1915A. (ECF No. 56 at 5-14.) The Court will review Judge Denney's recommendations for each claim in turn.

### A. Statute of Limitations

Judge Denney found that the statute of limitations was not apparent from the original or proposed amended complaints, but that amendment should not be precluded on this basis. (ECF No. 56 at 7-8.) The new claims arise out of the same facts as the original claims, and the newly named defendants likely had sufficient notice of the action as to not be prejudiced in their defense. (*Id.*) The Court finds that Judge Denney did not clearly err and adopts this recommendation.

### B. Americans with Disabilities Act Claim Against NDOC

Judge Denney found that Wolf properly stated an Americans with Disabilities Act ("ADA") claim against NDOC. (ECF No. 56 at 8-10.) NDOC is not immune from suit under the ADA. *See* 42 U.S.C. § 12202; *United States v. Georgia*, 546 U.S. 151, 154 (2006). Wolf adequately asserted a claim for violation of Title II of the ADA in his FAC, noting that he requested an accommodation by asking for treatment in spite of NDOC's one-good-eye policy. (ECF No. 56 at 9.) Though it is unclear whether Wolf has a valid ADA claim, his allegations are sufficient to pass the screening stage. The Court finds that Judge Denney did not clearly err and adopts this recommendation.

### C. Nevada Board of Prison Commissioners and Individual Members

The FAC lists both the Nevada Board of Prison Commissioners ("the Board") and its individual commissioners[2] as defendants. (ECF No. 49-1 at 3-6.) Judge Denney properly found that the Board should be dismissed with prejudice because it is an arm of the state that is immune from suit under Section 1983. (ECF No. 56 at 10.) *See also Ruley v. Nev. Bd. of Prison Comm'rs*, 628 F. Supp. 108, 110 (D. Nev. Feb. 4, 1986); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1998); U.S. CONST. amend XI. As there is no evidence that the commissioners are not responsible for implementing the requested injunctive relief, Judge Denney did not err in recommending that Wolf's claims proceed against them. (ECF No. 56 at 10-11.) *See Pouncil v. Tilton*, 704 F.3d 568, 576 (9th Cir. 2012).

### D. NDOC Director Dzurenda and Acting Medical Director Benson

Judge Denney also did not clearly err in finding that Dzurenda and Benson were appropriately named as defendants for the purposes of effectuating potential injunctive or declaratory relief. (ECF No. 56 at 11.) *See Pouncil*, 704 F.3d at 576; *Colwell v. Bannister*, 763 F.3d 1060, 1070 (9th Cir. 2014).

### E. Nevada Constitutional Claim

Judge Denney properly found that Wolf's claim under Article I, Section 6 of the Nevada Constitution—which mirrors the Eighth Amendment's prohibition on cruel and unusual punishment—could not proceed against NDOC because it was immune from suit under the Eleventh Amendment. (ECF No. 56 at 11.) *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984).

He also properly recommended that the state constitutional claim proceeds against the defendants in their individual or official capacities for injunctive or declaratory relief. (ECF No. 56 at 11-12.) *See Meeks v. Nev. Dep't of Corr.*, 3:18-cv-00431-MMD-WGC, 2020 WL 8084979, at *19 (D. Nev. Nov. 10, 2020), *report & recommendation adopted*,

---

[2] The named commissioners of the Board are Governor Joseph Lombardo, Attorney General Aaron Ford, and Secretary of State Cisco Aguilar.

2021 WL 53619 (D. Nev. Jan. 6, 2021); *Mack v. Williams*, 522 P.3d 434, 447 (Nev. 2022) ("[T]he Nevada Constitution . . . does not foreclose an implied right of action for money damages based on violations of [individual] rights."). Wolf's claim may proceed against Marks, Donnelly, and Minev in their individual capacities and against Lombardo, Ford, Aguilar, Dzurenda, and Benson in their official capacities.

### F. Intentional Infliction of Emotional Distress

Judge Denney recommended that Wolf's claim against NDOC for intentional infliction of emotional distress ("IIED") should be dismissed without prejudice. (ECF No. 56 at 13-14.) The State of Nevada has generally waived its immunity for state torts actions in state court, *see* NRS § 41.031(1); however, Nevada has not expressly waived its Eleventh Amendment sovereign immunity against actions in federal court, *see id.* at § 41.031(3). Thus, the Court cannot exercise supplemental jurisdiction over the IIED claim because it lacks jurisdiction over NDOC and NDOC is an indispensable party. *See Hirst v. Gertzen*, 676 F.2d 1252, 1264 (9th Cir. 1982) ("Because the court had no jurisdiction over indispensable parties to the state law claim, it was compelled to dismiss that claim."). This claim is dismissed without prejudice so that Wolf may pursue it in state court.

### G. *Monell*

Judge Denney finally recommended that the Court deny Wolf's motion to amend his complaint to assert liability under *Monell v. Department of Social Services*. (ECF No. 56 at 14.) *See also* 436 U.S. 658, 690-95 (1978). Because *Monell* liability extends only to municipalities and Wolf has not named any municipalities as defendants, the Court adopts Judge Denney's recommendation.

The Court is satisfied that Judge Denney did not clearly err. Having reviewed the R&R and the record in this case, the Court will adopt the R&R's recommendations as to the Motion in full.

### III. CONCLUSION

It is therefore ordered that Judge Denney's R&R (ECF No. 56) is accepted and adopted in full as to Plaintiff's motion for leave to amend (ECF No. 49).

It is further ordered that Plaintiff's motion for leave to amend (ECF No. 49) is granted insofar as Plaintiff seeks leave to amend to assert the alleged violation of Title II of the ADA against NDOC.

It is further ordered that Plaintiff's motion for leave to amend (ECF No. 49) is granted insofar as Plaintiff seeks leave to amend to assert claims against Nevada Board of Prison Commissioners Lombardo, Ford, and Aguilar, in their official capacities for declaratory and/or injunctive relief only, but denied insofar as Plaintiff seeks to amend to name the Nevada Board of Prison Commissioners itself.

It is further ordered that Plaintiff's motion for leave to amend (ECF No. 49) is granted insofar as Plaintiff seeks to amend to assert claims against Director Dzurenda and Acting Medical Director Dr. Benson in their official capacities only for declaratory and/or injunctive relief.

It is further ordered that Plaintiff's motion for leave to amend (ECF No. 49) is granted insofar as Plaintiff seeks to amend to add a claim under Article I, Section 6 of the Nevada Constitution against Marks, Donnelly, Minev, Lombardo (official capacity only), Ford (official capacity only), and Aguilar (official capacity only), Dzurenda (official capacity only) and Benson (official capacity only), but denied insofar as he seeks to amend to assert a claim under Article 1, Section 6 of the Nevada Constitution against NDOC or the Nevada Board of Prison Commissioners.

It is further ordered that Plaintiff's motion for leave to amend (ECF No. 49) is denied insofar as Plaintiff seeks to amend to add an IIED claim.

It is further ordered that Plaintiff's motion for leave to amend (ECF No. 49) is denied insofar as Plaintiff seeks to amend to add a claim for *Monell* liability.

Plaintiff has 21 days from the date of this order to file a new first amended complaint that conforms to these recommendations. The Attorney General's Office is directed to then file a notice indicating whether they will accept service of the first amended complaint, and file under seal the last known address of any defendant for whom it cannot accept service. For those defendants for whom the Attorney General's

Office accepts service, an answer or responsive pleading must be filed within 21 days of the date of acceptance of service.

DATED THIS 1st Day of April 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE